IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **EMPIRE FINCO, LLC**, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 12 C 9195 |
| **DAS DISTRIBUTORS, INC.**, | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM ORDER**

This Court has just received, by random assignment to its calendar, this contract action brought by Empire Finco, LLC ("Empire") against DAS Distributors, Inc. ("DAS") under the auspices of its diversity jurisdiction. This memorandum order is issued sua sponte because of an obvious question as to the choice of this forum by Empire's counsel.

Complaint ¶1 confirms that limited liability company Empire is a North Carolina citizen, while Complaint ¶2 confirms that Pennsylvania is the situs of both facets of DAS's citizenship under 28 U.S.C. § 1332(c)(1).[1] Complaint ¶3 predicates the existence of in personam jurisdiction over DAS on the Moline, Illinois location of its Midwest sales office.

As to venue, however, Empire's counsel has missed the boat. For that purpose Complaint ¶5 seeks to point to Section 1391(a)(1), "as DAS is a resident of this district." But that citation is obviously mistaken because that subsection is plainly irrelevant -- most likely Empire's counsel meant to cite this Section 1391(b)(1) instead:

---

[1] All further references to provisions of Title 28 will simply take the form "Section --," omitting the prefatory "28 U.S.C."

> A civil action may be brought in–
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

But that doesn't cut it either, for Section 1391(d) deals specifically with the situation here in Illinois, in which there is more than one judicial district and in which, as here, a corporate defendant is assertedly subject to personal jurisdiction. But in that situation (emphasis added):

> [S]uch corporation shall be deemed to reside in any district in that State within which the contacts would be sufficient to subject it to personal jurisdiction <u>if that district were a separate State</u>. . . . .

In other words, the test is whether DAS would be subject to jurisdiction in this Northern District of Illinois only if it were a separate state.

But Moline, where DAS is described as having its Illinois contacts, is in the <u>Central</u> District rather than this Northern District of Illinois, and nothing in the Complaint even hints at any DAS connection with this Northern District. On its face, then, the Complaint appears to represent a blatant case of forum shopping.

Under the circumstances this Court will not follow its usual practice of setting an initial status hearing date and pre-hearing procedures. Instead a threshold status hearing is set for 8:45 a.m. December 11, 2012 to discuss whether this action should and will remain here.

_____
Milton I. Shadur
Senior United States District Judge

Date: November 20, 2012